1  MICHAEL C. TING (SBN 247610)
   mting@tklg-llp.com
2  FATIMA S. ALLOO (SBN 283694)
   falloo@tklg-llp.com
3  TECHKNOWLEDGE LAW GROUP LLP
   100 Marine Parkway, Suite 200
4  Redwood Shores, California  94065
   Telephone: (650) 517-5200
5  Facsimile:  (650) 226-3133

6  Attorneys for Defendants
   ACER INC. and
7  ACER AMERICA CORPORATION

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

| 12  NEXUS DISPLAY TECHNOLOGIES LLC., | Case No.  2:15-cv-02400-JVS-DFM |
|---|---|
| 13                Plaintiff, | Hon. James V. Selna |
| 14        v. | **ANSWER BY DEFENDANTS ACER AMERICA CORPORATION  AND ACER INC. TO PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT** |
| 15  ACER INC. and ACER AMERICA CORPORATION, | |
| 16 | |
| 17                Defendants. | **JURY TRIAL DEMANDED** |
| 18 | |

19

20       Defendants Acer Inc. and Acer America Corporation (together, "Acer" or

21  "Defendants") answer Plaintiff Nexus Display Technologies LLC's ("Plaintiff")

22  Complaint for Patent Infringement (the "Complaint") as follows:

23                          <u>**PARTIES**</u>

24       1.     Acer is without knowledge or information sufficient to form a belief

25  as to the truth of the allegations set forth in Paragraph 1, and on that basis denies

26  them.

27       2.     Acer admits the allegations set forth in Paragraph 2.

28       3.     Acer admits the allegations set forth in Paragraph 3.

TECHKNOWLEDGE
LAW GROUP LLP
ATTORNEYS AT LAW
REDWOOD SHORES

1

**JURISDCTION AND VENUE**

2        4.      Acer admits that this Court has subject matter jurisdiction over this

3    matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Acer admits that the action

4    arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  Unless

5    expressly admitted, Acer denies the allegations set forth in Paragraph 4.

6        5.      Acer denies the allegations set forth in Paragraph 5.

7

**COUNT I: U.S. PATENT NO. 7,295,578**

8        6.      Acer denies that it knowingly, actively, or lucratively practices the

9    7,295,578 Patent.  Acer is without knowledge or information sufficient to form a

10   belief as to the truth of the allegations set forth in Paragraph 6, and on that basis

11   denies them.

12       7.      Acer denies the allegations set forth in Paragraph 7.

13       8.      Acer denies the allegations set forth in Paragraph 8.

14       9.      Acer admits that U.S. Patent No. 8,631,313 cites, on its face, the

15   7,295,578 Patent.  Acer denies the remaining allegations set forth in Paragraph 9.

16

**COUNT II: U.S. PATENT NO. 7,143,328**

17       10.     Acer denies that it knowingly, actively, or lucratively practices the

18   7,143,328 Patent.  Acer is without knowledge or information sufficient to form a

19   belief as to the truth of the allegations set forth in Paragraph 10, and on that basis

20   denies them.

21       11.     Acer denies the allegations set forth in Paragraph 11.

22       12.     Acer denies the allegations set forth in Paragraph 12.

23       13.     Acer denies the allegations set forth in Paragraph 13.

24

**COUNT III: U.S. PATENT NO. 5,835,498**

25       14.     Acer denies that it knowingly, actively, or lucratively practices the

26   5,835,498 Patent.  Acer is without knowledge or information sufficient to form a

27   belief as to the truth of the allegations set forth in Paragraph 14, and on that basis

28   denies them.

TECHKNOWLEDGE
LAW GROUP LLP
ATTORNEYS AT LAW
REDWOOD SHORES

- 2 -

ANSWER TO COMPLAINT
CASE NO. 2:15-CV-02400-JVS-DFM

1    15.    Acer denies the allegations set forth in Paragraph 15.

2    16.    Acer denies the allegations set forth in Paragraph 16.

3    17.    Acer denies the allegations set forth in Paragraph 17.

4                    **COUNT IV: U.S. PATENT NO. 7,599,439**

5    18.    Acer denies that it knowingly, actively, or lucratively practices the

6    7,599,439 Patent.  Acer is without knowledge or information sufficient to form a

7    belief as to the truth of the allegations set forth in Paragraph 18, and on that basis

8    denies them.

9    19.    Acer denies the allegations set forth in Paragraph 19.

10   20.    Acer denies the allegations set forth in Paragraph 20.

11   21.    Acer denies the allegations set forth in Paragraph 21.

12                    **PLAINTIFF'S JURY DEMAND**

13   Plaintiff's Jury Demand does not require an admission or denial.

14            **DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF**

15   Acer respectfully requests that the Court deny Plaintiff's prayer for relief

16   as stated in the Complaint.

17                            **DEFENSES**

18   Further answering the Complaint, Acer asserts the following defenses.

19   Acer reserves the right to amend its answer with additional defenses as further

20   information is obtained.

21                          **FIRST DEFENSE:**
                       **FAILURE TO STATE A CLAIM**
22

23   Plaintiff has failed to state a claim upon which relief can be granted.

24                         **SECOND DEFENSE:**
                        **NON–INFRINGEMENT**
25

26   Acer has not infringed and does not infringe, and has not induced and does not

27   induce others to infringe, any valid and enforceable claim of the patents-in-suit,

28   either directly, indirectly, literally, or under the doctrine of equivalents.

TechKnowledge
Law Group LLP
Attorneys At Law
Redwood Shores

- 3 -

ANSWER TO COMPLAINT
CASE NO. 2:15-CV-02400-JVS-DFM

### THIRD DEFENSE:
### <u>INVALIDITY</u>

The patents-in-suit are invalid for failing to comply with one or more provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### FOURTH DEFENSE:
### <u>LIMITATION ON DAMAGES</u>

Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 284. Plaintiff's recovery for alleged infringement of the patents-in-suit if any, is limited to any alleged infringement committed no more than six years prior to the filing of the current Complaint, pursuant to 35 U.S.C. § 286.

### FIFTH DEFENSE:
### <u>LIMITATION ON COSTS</u>

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### SIXTH DEFENSE:
### <u>FAILURE TO MARK</u>

Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 287, and has otherwise failed to show that it is entitled to any damages.  Plaintiff's claims for damages predating the filing of this action are barred by 35 U.S.C. § 287.  Upon information and belief, Acer received no constructive notice of infringement via products adequately marked under 35 U.S.C. § 287 that are or were sold by one of Plaintiff or any predecessors-in-interest to the patents-in-suit, or parties licensed to the patents-in-suit to manufacture, sell or distribute products that practice the patents-in-suit.  Neither did Acer receive actual notice of infringement prior to being served with this Complaint.

TechKnowledge
Law Group LLP
Attorneys At Law
Redwood Shores

- 4 -

ANSWER TO COMPLAINT
CASE NO. 2:15-CV-02400-JVS-DFM

**SEVENTH DEFENSE:**
**DEDICATION TO THE PUBLIC**

Plaintiff has dedicated to the public all methods, apparatus, and products disclosed in the patents-in-suit, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, and products.

**EIGHTH DEFENSE:**
**USE/MANUFACTURE BY/FOR UNITED STATES GOVERNMENT**

To the extent that any accused product or method has been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

**NINTH DEFENSE:**
**LACHES, WAIVER AND ESTOPPEL**

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**TENTH DEFENSE:**
**UNCLEAN HANDS**

On information and belief, Plaintiff has rendered the patents-in-suit unenforceable under the doctrine of unclean hands.

**ELEVENTH DEFENSE:**
**PROSECUTION LACHES**

The patents-in-suit are unenforceable due to the doctrine of prosecution laches.

**TWELVETH DEFENSE:**
**LACK OF STANDING**

On information and belief, Plaintiff lacks standing to enforce the patents-in-suit.

TechKnowledge
Law Group LLP
Attorneys At Law
Redwood Shores

ANSWER TO COMPLAINT
CASE NO. 2:15-CV-02400-JVS-DFM

### THIRTEENTH DEFENSE:
### LICENSE AND PATENT EXHAUSTION

On information and belief, some or all of Acer' accused products are licensed under the patents-in-suit and/or subject to the doctrines of patent exhaustion and implied license.

### FOURTEENTH DEFENSE:
### PLAINTIFF CANNOT PROVE EXCEPTIONAL CASE

Plaintiff cannot prove that this is an exceptional case justifying the award of attorneys' fees against Acer pursuant to 35 U.S.C. § 285.

### FIFTEENTH DEFENSE:
### UNVAILABILITY OF INJUNCTIVE RELIEF

To the extent Plaintiff claims injunctive relief, such claims are barred as a matter of law because Plaintiff has an adequate remedy at law for any claims included in the Complaint that Plaintiff may ultimately prevail on.

### SIXTEENTH DEFENSE:
### IMPROPER/INCONVENIENT VENUE

This action should be dismissed and/or transferred pursuant to the doctrine of improper venue, as well as 28 U.S.C. § 1404(a) and the doctrine of *forum non* conveniens.

### RESERVATION OF ADDITIONAL DEFENSES

Acer's investigation of its defenses is continuing, and Acer expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

TECHKNOWLEDGE
LAW GROUP LLP
ATTORNEYS AT LAW
REDWOOD SHORES

- 6 -

ANSWER TO COMPLAINT
CASE NO. 2:15-CV-02400-JVS-DFM

## **PRAYER FOR RELIEF**

WHEREFORE, Acer prays for relief as follows:

A. That the Court enter judgment in favor of Acer, and against Plaintiff;

B. That the Court find the patents-in-suit not infringed by Acer;

C. That the Court find the patents-in-suit invalid;

D. That the Court find the patents-in-suit unenforceable;

E. That Plaintiff take nothing by its Complaint against Acer;

F. That the Court find this case exceptional under 35 U.S.C. § 285, and award Acer its reasonable attorneys' fees in this action;

G. That the Court require Plaintiff to pay Acer's costs in this action (including all disbursements); and

H. That the Court grant Acer such other and further relief at law or in equity as the Court deems just and proper.

## **ACER'S DEMAND FOR A JURY TRIAL**

Acer requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

Dated:     August 17, 2015          Respectfully submitted,

By:   _/s/ Michael C. Ting_
MICHAEL C. TING (SBN 247610)
FATIMA S. ALLOO (SBN 283694)
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:    (650) 517-5200
Facsimile:    (650) 226-3133
mting@tklg-llp.com
falloo@tklg-llp.com

Attorneys for Defendants ACER INC. and
ACER AMERICA CORPORATION